**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARRLIS DEWAYNE REEVES,

                    Petitioner,                        Case Number: 05-CV-70762

v.                                         HON. PAUL D. BORMAN

SHIRLEE A. HARRY,

                    Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Carrlis Dewayne Reeves has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, challenges the constitutionality of his convictions for first-degree criminal sexual conduct, first-degree home invasion, and being a fourth habitual offender. For the reasons set forth below, the Court denies the petition.

**I.       Background**

Petitioner's convictions arise out of a breaking and entering at Marjorie Maxson's home in Flint, Michigan. Maxson testified that, sometime after going to bed on the evening of November 20, 2000, she awoke to find a man holding a flashlight looking through her dresser drawer. The man asked her whether she had $500. When she replied that she did not, he asked her whether she had $300. She told him that she did not. He then looked through her purse and found a small amount of cash and her car keys. He left briefly. Upon returning, he gave the keys to Maxson and told her she had nothing of value in her car. He then sexually assaulted her.

Before leaving, he warned her that if she reported the incident he would return.

Maxson was unable to provide a specific description of the intruder because she was not wearing her glasses when he was in her bedroom. She described the intruder to police as a white male between 5'8" and 5'10", approximately 150 pounds, and between 30 and 40 years old. Petitioner's race is black.

A forensic scientist testified that swabs taken from Maxson at the hospital following the assault showed the presence of spermatozoa. Comparisons between the DNA profile of the material from that swab and Petitioner's DNA profile showed that the profiles matched at each of the thirteen locations tested. The forensic scientist reported that the probability of finding another person having the same DNA profile as the semen donor in this case was 1 in 48.7 quadrillion.

Petitioner did not testify in his own defense.

The jury found Petitioner guilty of first-degree criminal sexual conduct and first-degree home invasion. On December 10, 2001, he was sentenced as a fourth habitual offender to forty to sixty years imprisonment for the criminal sexual conduct conviction and ten to twenty years for the home invasion conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

     I.     The trial court denied defendant-appellant's right to a fair trial on charges of first degree criminal sexual conduct and first degree home invasion when it refused his request for jury instructions on the necessarily included lesser offenses of third degree criminal sexual conduct and second degree home invasion.

     II.    Defendant-appellant's constitutional right to a unanimous verdict was violated when the prosecution failed to specify which of two distinct criminal acts he was charged with and when the trial court failed to instruct the jury that it was

2

required to render a unanimous verdict as to the same criminal act.

III.    Defendant-appellant is entitled to be resentenced for first degree criminal sexual conduct because the statutory sentencing guidelines were misscored as to offense variables 3, 7, and 13, and his sentence is a departure from the statutory sentencing guidelines imposed without compliance with departure requirements.

The Michigan Court of Appeals affirmed his convictions and sentences.  People v. Reeves, No. 239271 (Mich. Ct. App. July 15, 2003).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals and the following additional claim:

IV.    The prosecution urged on appeal that the ruling of Reese should be applied retroactively, but to apply Reese retroactively would violate the ex post facto law, thereby denying appellant his Fourteenth Amendment rights to equal protection of the law and due process of the law.

The Michigan Supreme Court denied leave to appeal.  People v. Reeves, No. 124578 (Mich. Feb. 27, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I.    The trial court denied Petitioner his constitutional right to due process and a fair trial, on the charges of first-degree criminal sexual conduct and first degree home invasion, when the court refused the request for jury instruction on the lesser included offenses of third degree criminal sexual conduct and second degree home invasion.

II.    Petitioner's constitutional right to a unanimous verdict was violated when the prosecution failed to specify which of two distinct criminal acts he was charged with, and when the trial court failed to instruct the jury that it was required to render a unanimous verdict as to the same criminal act.

III.    Petitioner was denied his constitutional right to effective assistance of counsel at sentencing where counsel failed to object to the incorrect scoring of offense variables 3, 4, 7 and 13 for the first degree criminal sexual conduct.

3

IV.     The prosecution urged on appeal that the ruling of <u>Reese</u> should be applied
        retroactively, but to apply <u>Reese</u> retroactively would violate the Ex Post Facto
        [Clause], thereby denying Appellant his 14th Amendment rights to Equal
        Protection of the Law and Due Process of Law.

## II.     Petitioner's Motions

Pending before the Court are several motions filed by Petitioner.  First, Petitioner has

filed a Motion to Amend Habeas Petition, in which he seeks permission to delete his third claim

for habeas corpus relief because he has not exhausted his state court remedies for that claim.

The Court grants the motion.

Second, Petitioner has filed a Motion to Compel Discovery in which he requests that the

Court order production of a variety of documents, including all warrants, complaints, search

warrants, and recommendations for warrants, related to three cases identified only by the judge

and trial court case number.  Rule 6(a), Rules Governing Section 2254 Cases, provides, in

pertinent part:

> A party shall be entitled to invoke the processes of discovery available under the
> Federal Rules of Civil Procedure if, and to the extent that, the judge in the
> exercise of his discretion and for good cause shown grants leave to do so, but not
> otherwise.

Rule 6(a), Rules Governing Section 2254 Cases.  "The burden of demonstrating the materiality

of information requested is on the moving party."  <u>Stanford v. Parker</u>, 266 F.3d 442, 460 (6th Cir.

2001).  Respondent has filed portions of the state court record in accordance with Rule 5, Rules

Governing Section 2254 Cases.  The Court determines that no further materials are necessary for

a fair disposition of the habeas corpus petition.

Finally, Petitioner has filed a Motion for Preparation of Transcripts and Court File at

Public Expense.  The motion bears the caption of the 68th District Court for Genesee County and

bears state court case numbers.  As stated above, Respondent has filed all relevant state court records needed for the fair adjudication of Petitioner's claims.  Because this pleading bears the state court caption and case numbers, the Court orders the motion be stricken from the record.

**III.    Standard of Review**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

5

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.


IV.     **Jury Instructions**

In his first habeas claim, Petitioner argues that the trial court violated his right to a fair

6

trial when it denied his request for jury instructions on the lesser included offenses of third

degree criminal sexual conduct and second degree home invasion.

 While the failure to instruct on a lesser included offense can constitute constitutional

error in a capital case, <u>Beck v. Alabama</u>, 447 U.S. 625, 638 (1980), the Supreme Court has

specifically declined to decide whether such a requirement applies in non-capital cases.  <u>Id.</u> n.14.

Habeas relief may only be granted where a state court's decision is "contrary to or involved an

unreasonable application of clearly established Federal law."  28 U.S.C. § 2254(d).  Petitioner

cannot show that the state court's failure to instruct on lesser included offenses was contrary to

or an unreasonable application of Supreme Court precedent where Supreme Court precedent

does not require a lesser included offense instruction in non-capital cases.

**V. Unanimous Verdict**

 In his second habeas claim, Petitioner alleges that the trial court failed to require the jury

to unanimously determine which of two alternative prosecution theories supported a first-degree

home invasion conviction.  Respondent argues that this claim is procedurally defaulted.

 The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can demonstrate cause for the
> default, and actual prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a fundamental
> miscarriage of justice.

<u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner

files an untimely appeal, <u>Coleman</u>, 501 U.S. at 750, if he fails to present an issue to a state

appellate court at his only opportunity to do so, <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994), or

if he fails to comply with a state procedural rule that required him to have done something at trial

to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or

file a motion for a directed verdict.  United States v. Frady, 456 U.S. 152, 167-69 (1982);

Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996).  Application of the cause and prejudice

test may be excused if a petitioner "presents an extraordinary case whereby a constitutional

violation resulted in the conviction of one who is actually innocent."  Rust, 17 F.3d at 162;

Murray v. Carrier, 477 U.S. 478, 496 (1986).

　　　For the doctrine of procedural default to apply, a firmly established state procedural rule

applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with

that state procedural rule.  Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), cert.

denied, 507 U.S. 932 (1993).  Additionally, the last state court from which the petitioner sought

review must have invoked the state procedural rule as a basis for its decision to reject review of

the petitioner's federal claim.  Coleman, 501 U.S. at 729-30.

　　　If the last state court from which the petitioner sought review affirmed the conviction

both on the merits, and, alternatively, on a procedural ground, the procedural default bar is

invoked and the petitioner must establish cause and prejudice in order for the federal court to

review the petition.  Rust, 17 F.3d at 161.

　　　This Court begins its analysis of whether Petitioner's claim is procedurally defaulted by

looking to the last reasoned state court judgment denying Petitioner's claim.  See Coleman, 501

U.S. at 729-30.  The last state court to issue a reasoned judgment denying Petitioner's claim, the

Michigan Court of Appeals, held that the claim was not properly preserved for appellate review.

Reeves, slip op. at 2.   The state court's judgment rested on a procedural bar and the doctrine of

procedural default is invoked with respect to this claim. The claim, therefore, is procedurally

8

barred from habeas review unless Petitioner establishes cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider this claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

Petitioner fails to allege any cause to excuse the procedural default of this claim. Thus, this claim is procedurally defaulted unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. <u>Schlup</u>, 513 U.S. at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." <u>Id.</u>

Petitioner has not supported his allegation of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court. Accordingly, Petitioner's claim is procedurally barred.

**VI.     Retroactive Application of <u>Reese</u>**

Finally, Petitioner alleges that retroactive application of <u>People v. Reese</u>, 466 Mich. 440 (2002), to his case would violate the *Ex Post Facto* Clause. The *Ex Post Facto* Clause forbids the Government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." <u>Weaver v. Graham</u>, 450 U.S. 24, 28 (1981) (internal quotation omitted). The

purposes of the clause are to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation.  Id. at 28.

Petitioner claims that the prosecutor urged the Michigan Court of Appeals to retroactively apply Reese, in which the Michigan Supreme Court examined whether a defendant was entitled to a lesser offense instruction, to his appeal.  However, the court of appeals did not reference Reese in its opinion.  Instead, in its opinion affirming Petitioner's convictions, the Michigan Court of Appeals applied the analysis of People v. Cornell, 466 Mich. 335 (2002), which was applied in Reese.  In Cornell, the Michigan Supreme Court held that a trial court is only permitted to instruct the jury on necessarily included lesser offenses, not on cognate lesser offenses, and that the instruction on necessarily included lesser offenses is permitted only when a rational view of the evidence supports the instruction.

To establish a violation of the *Ex Post Facto* Clause, Petitioner must demonstrate that application of Cornell retroactively altered the definition of the criminal conduct or increased the penalty by which a crime is punishable.  *See* Collins v. Youngblood, 497 U.S. 37, 49-52 (1990). He demonstrates neither.  Therefore, Petitioner's *Ex Post Facto* claim is meritless.

**VII.    Certificate of Appealability**

The Court next addresses whether any of Petitioner's claims warrant the issuance of a certificate of appealability.  Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306,

1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDonnell, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

**VIII. Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Habeas Petition [Dkt. # 22] is **GRANTED** and Petitioner's Motion to Compel Discovery [Dkt. # 23] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Preparation of Transcripts and Court File at Public Expense [Dkt. #24] is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 25, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2006.

s/Denise Goodine
Case Manager